JOSEPHINE BINETTI MCPEAK
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jmcpeak@mcdonaldcarano.com

BRIAN C. PARK (*pro hac vice*)
JAMES M. SHORE (*pro hac vice*)
STOEL RIVES LLP
600 University St., Suite 3600
Seattle, WA 98101
Tel. (206) 386-7542
Fax (206) 386-7500
Email: BCPark@stoel.com, JMShore@stoel.com

*Attorneys for Plaintiff ITEX Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ITEX CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL LINKS CORP., a Nevada corporation, and BXI TRADE EXCHANGE, INC., a Nevada corporation,<br><br>Defendants. | Case No.: 2:14-CV-00057-RCJ-NJK<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY UNDERTAKING |

IT IS HEREBY STIPULATED, pursuant to Fed. R. Civ. P. 26(c), by and among Plaintiff and Defendants in this action (each a "party" and collectively "the parties"), by and through their attorneys of record, that this Court may enter the following Stipulated Protective Order ("Protective Order") to safeguard confidential and attorneys' eyes only information produced or disclosed in this litigation.

This Protective Order is necessary because this case involves the parties' confidential and proprietary information. The parties may make requests for information that would call for confidential, proprietary and/or trade secret information, and this information could lose its value if

1

disclosed to the public or improperly used outside of this litigation. It is also likely that the parties' confidential, proprietary and/or trade secret information will be submitted to the Court to assist in ruling on various motions. This information could lose its value and legally protected status if disclosed to the public.

## **PROTECTIVE ORDER**

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the Parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

To protect the confidentiality of proprietary and trade secret information contained in documents produced, and other information disclosed in this litigation, the Court orders as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or other hearings, matters in evidence and other information that the disclosing party or the owner of the disclosed information designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (referred to generally as "Protected Information") hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action. As used herein, "disclosing party" shall refer to the parties to this Protective Order and to other parties (whether other parties to this action or third parties) who give testimony or produce documents or other information.

2. The following information may be designated as CONFIDENTIAL: any trade secret or other confidential research, design, development, financial, or commercial information (as defined by Nevada State law) contained in any document, discovery response or testimony;

3. The following information may be designated as ATTORNEYS' EYES ONLY: information that would fall within the scope of Paragraph 2 but that the disclosing party or owner in good faith reasonably believes to comprise particularly sensitive confidential material that warrants further restricted disclosure. Information may only be designated ATTORNEYS' EYES ONLY if

2

75984702.1 0053657-00020

the disclosing party or owner believes in good faith that designation as CONFIDENTIAL will not provide adequate protection.

4. A disclosing party or the owner of the disclosed information may also designate materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY if it contains information that the disclosing party or owner, in good faith, believes is confidential or proprietary to a third party.

5. Disclosing parties and owners of disclosed information shall designate CONFIDENTIAL or ATTORNEYS' EYES ONLY information as follows:

(a). In the case of discovery responses and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of its production, that party shall have ten (10) business days after such production to so stamp or otherwise designate the document or other information.

(b). In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose CONFIDENTIAL or ATTORNEYS' EYES ONLY information the deponent has had access. If a party wishes to designate portions of a deposition transcript under this Protective Order after a deposition, that party's counsel shall make such designation within ten (10) business days after counsel's receipt of the final transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information, insert the list at the end of the transcript, and mail copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript shall be deemed ATTORNEYS' EYES ONLY, except exhibits shall maintain their existing designations. If no designation is made during the deposition or within ten (10) business

75984702.1 0053657-00020

days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

    (c). Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of hearings, trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal along with a motion to seal pursuant to Local Rule 10-5.

    (d). Any CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the event such non-paper media is transmitted via email the producing party may designate the information produced as CONFIDENTIAL or ATTORNEYS' EYES ONLY by so identifying such media in the email. In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page CONFIDENTIAL or ATTORNEYS' EYES ONLY and the hard copy, transcription or printout shall be treated as it is designated.

6. If any information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is filed or submitted to the Court, it shall be produced in sealed envelopes or containers indicating the following:

    (a). the case caption;

    (b). the nature of the contents therein; and

    (c). the words "CONFIDENTIAL [or ATTORNEYS' EYES ONLY] – NOT TO BE OPENED EXCEPT BY THE COURT, OR BY ORDER OF THE COURT."

7. All CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be used solely for the purposes of this litigation, including discovery, motions, trial and hearing preparation, and during trial or hearings and not for any other purpose.

8. Disclosure of all CONFIDENTIAL information shall be limited to:

4

75984702.1 0053657-00020

        (a).     Those persons qualified to receive "Attorneys' Eyes Only" information under paragraph 9; and

        (b).     The parties and their employees who are required to work directly on this litigation, with disclosures only to the extent necessary to perform such work on a need-to-know basis.

9.     ATTORNEYS' EYES ONLY information shall not be disclosed, except by the prior written consent of the disclosing party or owner, or pursuant to an order of this Court, to any person other than the following:

        (a).     The outside attorneys of record working on this action on behalf of any party, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel of record;

        (b).     Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters);

        (c).     Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

        (d).     Any person who is an author or recipient of that ATTORNEYS' EYES ONLY material. Any employee of the party producing such materials may be shown copies of such material during his or her testimony, but may not retain a copy of such information following the deposition;

        (e).     Any person who is expressly retained or sought to be retained as an expert by any outside attorney, described in paragraph 9(a) above, to assist in preparation of this action for trial, who is not employed by, affiliated with (whether as a director, officer, contractor, consultant, or otherwise), controlled by, an agent of, or materially interested in any party or any competitor of any party, with disclosure only to the extent necessary to perform such work, as long as such personnel first sign a Confidentiality Agreement (in the form attached as Appendix A hereto) and comply with the provisions of this protective order, including paragraph 12; and

5

(f). Each person or service contracting firm retained by a party for the purpose of photocopying, scanning, translating, litigation support/database management, graphics, visual aids, and/or exhibits.

10. The foregoing lists in Paragraphs 8 and 9 may be expanded by mutual agreement in writing by counsel for the parties.

11. Nothing herein shall restrict the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the disclosing party or owner by the disclosing party or owner.

12. Prior to the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information to persons in paragraph 8 or paragraph 9, the outside counsel of record in this litigation for the party making the disclosure shall advise each person that the information is CONFIDENTIAL or ATTORNEYS' EYES ONLY, can only be discussed with persons authorized by this Protective Order to view the material and can only be used for purposes of this litigation. Counsel shall retain and disclose to the other party a copy of a signed Confidentiality Undertaking of each person to whom disclosure is sought under paragraph 8 or paragraph 9. The written undertaking, which shall be in the form as illustrated in Appendix A hereto, shall acknowledge that he or she has read and understands this Protective Order, agrees to comply with this Protective Order, agrees that the CONFIDENTIAL or ATTORNEYS' EYES ONLY information will be used only to assist in this litigation, and agrees not to disclose or discuss CONFIDENTIAL or ATTORNEYS' EYES ONLY information with any person other than those authorized by this Order to view the material and to use it only for the purposes of this litigation. If any receiving party desires to disclose Protected Information under this provision to a FED. R. CIV. P. 26(a) expert, it must provide written notice to the counsel of record for the designating party and identify each such expert and provide a fully executed copy of Appendix A completed by the proposed expert and that individual's most updated curriculum vitae, including a list of all publications authored in the previous five (5) years and a statement identifying all other cases in which the expert has provided expert advice or testified as an expert at trial or by deposition in the last four (4) years. If the designating party does not, within ten (10) business days of receipt of such notice,

object in writing — based on a perceived conflict of interest on the part of the proposed expert — to the counsel of record for the receiving party, setting forth the grounds for the objection and stating which categories (among the categories of Confidential and Attorneys' Eyes Only), it objects to the disclosure of, the Protected Information may then be disclosed to the expert subject to the terms of this protective order.  If timely objection is made and the parties cannot resolve the issue, the receiving party may thereupon seek an appropriate order from the Court allowing disclosure of the Protected Information to the proposed expert, and the receiving party shall have the burden of proof with respect to the propriety of the sought disclosure of Protected Information to the proposed expert.  The disclosure of the identity of a proposed expert will not be a waiver of any privilege or work product protection that applies to that expert.  Further, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting or testifying experts.

13.  A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before five (5) business days after the producing party is served with said written notice.

14.  Failure of counsel to designate or mark any document, thing, or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY information as provided above shall not preclude the disclosing party or owner of the protected information from thereafter in good faith making such designation and requesting the receiving party to so mark and treat such documents and things so designated even after the expiration of the "ten (10) business days" designation period described in paragraph 5(a).  The receiving party, however, shall make reasonable efforts to assure

7

that the materials are treated in accordance with the provisions of this Order, but shall not incur liability for disclosures made prior to notice of such designations.

15. If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel of record for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

16. In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY information is used in any court proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL or ATTORNEYS' EYES ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

17. The disclosure, through inadvertence, mistake, accident, or other error, by one party to another of the substance of any document or communication entitled to protection under the ATTORNEY-CLIENT PRIVILEGE and/or THE ATTORNEY WORK-PRODUCT DOCTRINE shall not constitute a waiver of such protection as to the subject matter of that, or related, documents or communications. If during the discovery process in this case either party mistakenly produces a document entitled to protection under the attorney-client privilege or the attorney work-product doctrine, the producing party may, at any time prior to the commencement of trial, but in any event not more than fifteen (15) calendar days after the disclosure is first identified as containing potentially privileged or work product information, marked as a deposition exhibit, or identified as a potential trial exhibit, request the return or destruction of the document and all copies thereof. Such a request must be made in writing and must identify the basis for the privilege or work product claimed.

18. In the case of documents, if the party that received the document agrees that it is PRIVILEGED or WORK PRODUCT (without regard to its production), then the document and all copies shall promptly be returned to the producing party or destroyed, and no reference to such

document shall be made in connection with the proof of the facts in this dispute. If the party that received the document does not agree that the document was privileged, then it shall so notify the producing party within ten (10) calendar days of receiving written notice of the asserted privilege or work product protection. In such event, the producing party may move the Court to resolve the question. Unless the parties otherwise agree in writing, any such motion must be made within fifteen (15) calendar days of receiving notification that the recipient of the document disputes the claim of privilege or work product. If the Court rules that the document is protected (without regard to the fact of production), then the party that received the document shall promptly return the document and all known copies to the producing party (except that counsel of record may retain copies as needed for the sole purpose of seeking reconsideration or appellate review of the Court's ruling on the question of privilege) and shall make no reference to the document in connection with the proof of the facts in this case.

19. Within 60 days after the final termination of this litigation, counsel for each party shall return to the originating source, or certify in writing the destruction of, all CONFIDENTIAL and ATTORNEYS' EYES ONLY information and all copies thereof and work product created therefrom; provided, however, counsel of record for each party may retain one copy of each document.

20. Nothing herein shall prevent any party from moving the court for modification of this Protective Order for good cause.

21. Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.

22. Nothing herein shall be deemed to constitute a waiver of any objection a producing party may have to any request for production of documents or other requested discovery. Nothing herein shall prevent any party from objecting to production of documents or to other discovery requests on any available grounds, or from seeking alternative protective orders from the Court.

75984702.1 0053657-00020

DATED this 17th day of April, 2014.

Respectfully Submitted,

McDONALD CARANO WILSON LLP				KOCH & SCOW LLC

By: *s/ Brian C. Park*
STOEL RIVES LLP
Brian C. Park (*pro hac vice*)
James M. Shore (*pro hac vice*)
600 University St., Suite 3600
Seattle, WA 98101
Tel. (206) 386-7542
Email: BCPark@stoel.com

Josephine Binetti McPeak (#7994)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jmcpeak@mcdonaldcarano.com

*Attorneys for Plaintiff*

*ITEX Corporation*

By: *s/ David R. Koch (via email authorization on 4/16/14)*
David R. Koch (Bar No. 8830)
Daniel H. Stewart (Bar No. 11287)
11500 S. Eastern Ave., Suite 210
Henderson, NV 89052
Tel: (702) 318-5041
Fax: (702) 318-5039
Email: dkoch@kochscow.com
         dstewart@kochscow.com

*Attorneys for Defendants*

*Global Links Corporation
and BXI Trade Exchange, Inc.*

10

75984702.1 0053657-00020

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: April 18, 2014

SUBMITTED BY:

McDONALD CARANO WILSON LLP

By: *s/ Brian C. Park*
    STOEL RIVES LLP
    Brian C. Park (*pro hac vice*)
    James M. Shore (*pro hac vice*)
    600 University St., Suite 3600
    Seattle, WA 98101
    Tel. (206) 386-7542

    JOSEPHINE BINETTI McPEAK (#7994)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, NV 89102
    Telephone: (702) 873-4100
    Facsimile: (702) 873-9966
    Email: jmcpeak@mcdonaldcarano.com

*Attorneys for Plaintiff ITEX Corporation*

75984702.1 0053657-00020

# APPENDIX A

75984702.1 0053657-00020

JOSEPHINE BINETTI MCPEAK
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
Email: jmcpeak@mcdonaldcarano.com

BRIAN C. PARK (*pro hac vice*)
JAMES M. SHORE (*pro hac vice*)
STOEL RIVES LLP
600 University St., Suite 3600
Seattle, WA 98101
Tel. (206) 386-7542
Fax (206) 386-7500
Email: BCPark@stoel.com, JMShore@stoel.com

*Attorneys for Plaintiff ITEX Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ITEX CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL LINKS CORP., a Nevada corporation, and BXI TRADE EXCHANGE, INC., a Nevada corporation,<br><br>Defendants. | Case No.: 2:14-CV-00057-RCJ-NJK<br><br>**CONFIDENTIALITY UNDERTAKING REGARDING PROTECTIVE ORDER** |

I, _____, declare that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____
_____.

4. I have carefully read and received a copy of the foregoing Protective Order entered in this action on _____, 2014.

13

75984702.1 0053657-00020

5. I hereby agree, under penalty of contempt of court, to be bound by and comply with the terms of the Protective Order and not to disseminate or disclose any information governed by the Protective Order, which I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

6. I will return all confidential material that comes into my possession, custody, or control, as well as any documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed, consulted, or retained.

7. I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED this ____ day of _____, 2014.

_____
*(Signature)*

_____
(Printed Name)

75984702.1 0053657-00020