1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ITEX CORPORATION,

           Plaintiff,

   vs.

GLOBAL LINKS CORP and BXI TRADE
EXCHANGE, INC.,

           Defendants.

2:14-cv-00057-RCJ-NJK

**ORDER**

       This case arises from Defendants' alleged violation of the Lanham Act.  Pending before the Court is ITEX Corporation's ("ITEX") Motion for Attorneys' Fees (ECF No. 45). Defendants have filed a Response (ECF No. 50) and ITEX submitted a Reply (ECF No. 52).  For the reasons contained herein, the Motion is granted in part and denied in part.

**I.      FACTS AND PROCEDURAL HISTORY**

       ITEX filed this action alleging in part that Defendants had engaged in false or misleading advertising related to their trade barter company.  The parties engaged in discovery and ITEX filed a motion for partial summary judgment claiming that certain statements made by Defendants in commerce were false or otherwise misled consumers regarding Defendant BXI Trade Exchange's ("BTE Nevada") origin and history.  The Court found that Defendants' statements violated the Lanham Act and it issued a permanent injunction prohibiting Defendants from disseminating any additional false or misleading information. (Order, ECF No. 44).

The Court also determined that this case was "exceptional" under the Lanham Act because the various statements were made with the intent to deceive or confuse consumers. (*Id.* at 24). Accordingly, the Court ruled that ITEX was entitled to an award of reasonable attorneys' fees on its second and third causes of action pursuant to 15 U.S.C. Section 1117(a). (*Id.* at 27). The present Motion was filed at the Court's direction that ITEX provide the necessary documentation as required by the Local Rules so that the proper fee award could be determined. (*Id.* at 27–28).

ITEX seeks $90,284.40 in attorneys' fees and $1,669.07 in costs, for a total award of $91,983.47. Defendants argue that this is an unreasonable amount given the stage of the proceedings and the complexity of the claims at issue here—false or misleading advertising. Defendants contend that the fee award should be greatly reduced and that an award totaling no more than $20,000 should be deemed reasonable under the facts of this case.

## II.   LEGAL STANDARD

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Having previously ruled that this case is exceptional as to ITEX's second and third causes of action, the Court must now determine whether ITEX's requested fee award is reasonable. "[T]he determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In reviewing a fee applicant's documentation, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

Trial courts are thus given "substantial deference" when determining an appropriate fee award. *Id.* They "may take into account their overall sense of a suit, and may use estimates in

2

calculating and allocating an attorney's time." *Id.*  Indeed, the Supreme Court has stated that it "can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it." *Id.*  So long as the district court provides "a concise but clear explanation of its reasons for the fee award," *Hensley*, 461 U.S. at 437, the award will generally be upheld if the court has "call[ed] the game by the right rules," *Fox*, 131 S. Ct. at 2217.

When calculating a fee, the district court applies a two-step process. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).  "First, the court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley*, 461 U.S. at 433).  "Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Id.*

The *Kerr* factors include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

## III.    DISCUSSION

As an initial matter, the Court notes that Defendants do not object to the rate billed by ITEX's counsel in this case.  The two partners responsible for the case billed between $436.50 an

1    hour and $472.50 an hour over the course of the litigation, with incremental rate increases each

2    year from 2013 to 2015. (Mot. Att'ys' Fees 6, ECF No. 45).  The Court agrees that this is a

3    reasonable rate given the expertise of the attorneys, the subject-matter of the litigation, and the

4    facts of this particular case.  The associates assisting in the case billed at a rate between $297 an

5    hour and $324 and hour, also with incremental increases in 2014 and 2015. (*Id.*).  Finally, the

6    paralegal assigned to the case billed between $216 an hour and $220.50 an hour for the work

7    performed in 2014 and 2015. (*Id.*).  The Court likewise finds these rates to be reasonable.

8         Before the lodestar amount may be calculated, however, the Court must determine

9    whether the hours reported by ITEX's counsel were "reasonably expended." *Hensley*, 461 U.S.

10   at 433.  "A district court should exclude from the lodestar amount hours that are not reasonably

11   expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v.*

12   *Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citation omitted).

13        ITEX claims that its counsel has expended 258.5 hours on litigating the causes of action

14   for false or misleading advertising. (Fee Report 1, ECF No. 46-1).  Defendants contend that this

15   is an unreasonable number of hours considering the fees requested represent only two of ITEX's

16   six causes of action.  However, this time includes reviewing and analyzing potential causes of

17   action when ITEX first discovered Defendants' conduct in October 2013, drafting and sending

18   cease-and-desist letters, drafting the complaint, conducting written discovery, drafting the

19   motion for partial summary judgment and a subsequent reply, and drafting the instant Motion for

20   Attorneys' Fees. (*See generally* Fee Report).

21        Nevertheless, Defendants argue that counsel's records are ambiguous on the amount of

22   time spent on only ITEX's false advertising claims as opposed to ITEX's trademark claims.  As

23   ITEX acknowledges, many of the time entries include work performed on both the false

24

4

advertising claims as well as the trademark claims. (Mot. Att'ys' Fees 3). To remedy this issue, counsel reports to have allocated the time 50% to the false advertising claims and 50% to the trademark claims. (*Id.*). The Fee Report explicitly states which entries reflect time spent on both groups of claims and further indicates that the "time spent on trademark-related claims [is] excluded" from the Report. (Fee Report 1). Therefore, the Court finds that the Motion and Fee Report are not ambiguous as to the number of hours ITEX's counsel reports to have spent on the false advertising claims. The question remains, though, whether 258.5 hours is reasonable.

Defendants contend that the hours spent by James Shore on this litigation are duplicative and redundant given the efforts and expertise of Brian Park. Both are partners at their firm, and Defendants argue that Shore's participation in the litigation is "a result of apparent overstaffing on this case." (Resp. 4, ECF No. 50). Defendants go further by pointing out specific time entries that they contend are proof of unnecessary work. (*See id.*).

The Court agrees that the entries identified by Defendants should be excluded as redundant. Shore's entries for October 15, 2013, October 28, 2013, November 21, 2013, December 12, 2013, December 23, 2013, December 26, 2013, January 8, 2014, January 14, 2014, and August 27, 2014 fall into this category. Moreover, Shore's remaining entries lack sufficient detail that would allow the Court to determine whether the time was reasonably expended. For example, on December 9, 2013, Shore spent an hour to "assist with [the] complaint." (Fee Report 7). Given the great amount of work done on the complaint by Park and the associates, the Court fails to see what additional value was added to the complaint by Shore since the time entry is so vague. Unfortunately, vagueness is the recurring theme with Shore's entries, (*see, e.g.*, Fee Report 8 (stating that on December 26, 2013 Shore "review[ed] and

1    assist[ed] with complaint")), and as such the Court is unwilling to require Defendants to pay for

2    his charges.  The fee award will therefore be reduced by $9,294.75.

3           Defendants next argue that the amount of time ITEX's counsel claims to have spent on

4    the motion for partial summary judgment is excessive.  The Court agrees only in part.

5    Defendants assert that ITEX's counsel spent 120 hours on the motion, but they do not explain

6    how they arrived at that total.  Based on an independent review of the Fee Report, the Court

7    estimates that counsel spent approximately 86 hours drafting, compiling exhibits, and filing the

8    motion. (*See* Fee Report 20–29).  Once Defendants submitted their response, ITEX's counsel

9    expended an additional 24.8 hours to prepare and file the reply in which ITEX addressed the

10   various arguments raised by Defendants' opposition. (*See id.* at 31–34).

11          From September 10, 2014 to November 13, 2014, Steven Klein alone expended

12   approximately 60.3 hours on the motion for partial summary judgment, not counting the

13   additional time spent on preparing ITEX's reply.  That is nearly a solid week and a half of work

14   on a single motion dealing with only two claims.  Although the motion was well-written and

15   well-supported, the Court finds that the time expended by Klein is excessive, especially given the

16   fact that Park was also billing a number of hours towards the motion.

17          In fact, it appears as though some of the work performed by Park and Klein was

18   somewhat duplicative.  For instance, on November 6, 2014, both Park and Klein expended

19   multiple hours on compiling the declarations and exhibits to support the motion for partial

20   summary judgment. (*See* Fee Report 27).  The Court acknowledges that a partner will routinely

21   review the work performed by an associate, but it appears from the time entries that some of the

22   work that generally would be performed by an associate at a lower billing rate was actually done

23   at least in part by Park. (*Id.*).

24

6

1    Therefore, the Court finds that the hours reportedly spent by ITEX's counsel on the

2    motion for partial summary judgment should be reduced.  The Court determines that, given

3    Park's contributing efforts, Klein's hours spent on the motion should be reduced by half.

4    Accordingly, the Court will award fees only for 30.3 of the hours that Klein reportedly spent

5    drafting and revising the motion for partial summary judgment.[1]  The Court finds that this still

6    affords ITEX's counsel reasonable compensation for their efforts because it still provides full

7    payment for the hours billed by Park and the other contributors in relation ITEX's motion.

8        Defendants further argue that the amount of hours counsel reportedly spent preparing the

9    instant Motion is also excessive.  On this point, the Court fully agrees.  While fees incurred for

10   work on fee petitions are compensable, *Clark v. City of L.A.*, 803 F.2d 987, 992 (9th Cir. 1986),

11   the time expended must still meet the reasonableness standard, *see Hensley*, 461 U.S. at 434.

12   From the Court's approximation, counsel spent around 25 hours drafting this Motion and

13   preparing the necessary accompanying documentation. (*See* Fee Report 34–37).  The Court finds

14   this to be excessive considering the Motion is only ten pages long and did not include any novel

15   or complicated arguments, particularly since ITEX knew that some award would be forthcoming.

16       Indeed, the question whether attorneys' fees would be awarded on the false advertising

17   claims was affirmatively answered prior to the drafting of the instant Motion, which causes the

18   Court to be especially skeptical of the amount of time expended thereon.  It is worth noting that

19   "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request

20   hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice

21   ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

22       With this is mind, the Court finds that ITEX may recover fees incurred for a quarter of

23   the number of hours reported in preparing the Motion for Attorneys' Fees.  The Court believes

24

---

[1] This equates to a $9,450 reduction from the ultimate award, based on Klein's $315 billing rate for 30 hours.

that 6.3 hours is ample time for an attorney to draft a brief fee application and compile the supporting documents.  The remaining 18.7 hours will be deducted from the lodestar calculation, and the award will be reduced accordingly.[2]

Based on the foregoing, the Court finds that the total amount of time expended by ITEX's counsel on the false advertising claims should be reduced by 69.1 hours.  This constitutes an overall reduction of $25,724.25 from the amount of $90,284.40 that ITEX initially requested. Accordingly, given the deduction of hours and fees identified by the Court, the lodestar calculation for fees attributable to the second and third causes of action is $64,560.15.

The Court now turns to the *Kerr* factors as well as Defendants' remaining equitable arguments to determine whether the lodestar amount should be adjusted further.  Here, the Court finds that the majority of the relevant *Kerr* factors are "already subsumed" in the lodestar calculation. *Fischer*, 214 F.3d at 1119.  The Court has already considered the time and labor required, the complexity of the issues, the customary fee, the experience of the attorneys, and the results obtained for ITEX on the relevant claims. *See Intel Corp.*, 6 F.3d at 622 (stating that the lodestar amount "presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation").

However, Defendants argue that a downward adjustment of the fee request is still warranted for the following reasons: (1) the amount sought by ITEX is disproportionate to the amount at stake in this litigation, (2) Defendants have limited means to satisfy a burdensome fee

---

[2] Since multiple attorneys worked on drafting and filing the Motion for Attorneys' Fees, the Court finds that the most equitable solution to reducing the award amount is to simply cut the number of hours expended by each individual proportionately.  This will allow Park his partner's rate for the reduced number of hours and the associate will still receive his rate for the reduced number of hours.  Accordingly, the fee award should be reduced by $6,979.50. (*See* Fee Report 35–37).

award, and (3) Defendants' defenses were not groundless or unreasonable.  Only Defendants'

third reason provides any basis for a reduction to the fee award here.

First, Defendants complain that ITEX has not suffered any actual damages in this case

and that ITEX's primary purpose in litigating this lawsuit "is to keep a nascent competitor out of

the marketplace." (Defs.' Resp. 5).  Regardless of ITEX's motivations, the fact remains that

Defendants willfully engaged in false and misleading advertising in violation of federal law. (*See*

Feb. 11, 2015 Order, ECF No. 44).  The deliberate and willful nature of Defendants' actions is

the reason attorneys' fees are being awarded here. (*Id.* at 24–27).

Moreover, the Lanham Act does not require any proof of actual damages to support

injunctive relief, which is what ITEX sought in its motion for partial summary judgment, nor

does it demand proof of actual damages before attorneys' fees may be awarded.  *See* 15 U.S.C.

§ 1117(a).  It appears to the Court that the amount of damages actually suffered by a plaintiff is

irrelevant to the amount of attorneys' fees that should be awarded in a false advertising case.

The statute does not impose any requirement of proportionality between a fee request and the

damages proven. *See id.*  And in a false advertising case, attaching monetary value to the damage

done by a defendant who disseminates false information to consumers is particularly difficult.

Second, the Defendants' financial status does not justify a fee reduction in this case.

Defendants claim that BTE Nevada has total revenues of only $10,000 to date and cannot pay the

fees sought by ITEX. (Defs.' Resp. 5).  While the Court is mindful of the need for robust

competition in the marketplace, Defendants' cries that their limited means justify a reduction in

the fee award is simply unpersuasive.  As previously stated, it was Defendants' own willful and

deliberate actions that served as the basis for the Court's "exceptional" finding.  And although

BTE Nevada may have limited revenue, Defendant Global Links is just as responsible for the

false and misleading advertising at issue in this case.  Defendants do not make any representation regarding Global Links ability to satisfy a fee award, but even if the issue had been raised, the Court still would have found the argument unpersuasive.

Nevertheless, the Court is willing to partially reduce the fee award considering Defendants' perceived uncertainty regarding its legal position at it relates to the ownership and right to use the BXI trademark. *See Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 491 (5th Cir. 2008) (discussing a losing party's justification for its legal position when considering a fee award); *see also Int'l Olympic Comm. v. S.F. Arts & Athletics*, 781 F.2d 733, 739 (9th Cir. 1986) (stating that losing party "might have reasonably thought" that its "usage was not barred" by the Lanham Act, though ultimately expressing no opinion on the amount of the award).

The Court acknowledges that Defendants have successfully registered a BXI mark, though ITEX contests the validity of that registration and Defendants' use of the registered logo. It was based largely on this registration that Defendants made the various false and misleading statements, perhaps under the misguided impression that merely holding the registration transformed the statements into truth.  Although Defendants acted deliberately and willfully when making the various statements at issue in this case, the Court cannot say at this point that their efforts to defend against this lawsuit were completely unreasonable.  Thus, an additional $10,000 reduction to the award is appropriate because it weighs Defendants' yet-to-be-decided legal position in this case against ITEX's right to compensation for Defendants' false statements.

Given this additional reduction, the Court finds that ITEX is entitled to attorneys' fees in the amount of $54,560.15 ($90,284.40 subtracted by $25,724.25 and $10,000).  The Court next addresses whether ITEX may recover the costs, both taxable and non-taxable, that it requests.

The Ninth Circuit has held that "attorney's fees under the Lanham Act may also include reasonable costs that the party cannot recover as the 'prevailing party.'" *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 690 (9th Cir. 2012) (citing *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) ("[W]e conclude that district courts have discretion to award non-taxable costs to prevailing parties . . . .")).  An award for non-taxable costs, however, must be supported by "details or itemization" such that the court "can determine whether the costs were in fact reasonably incurred." *Id.*

In this case, ITEX seeks to recover taxable costs of $1,181.00 and non-taxable costs of $518.07.  ITEX's counsel has explained the costs and attached an itemized list of how the expenses were incurred. (*See* Bill of Costs, ECF No. 48; Summary of Taxable Costs, ECF No. 48-2; Summary of Non-Taxable Costs, ECF No. 48-3).  Upon review, the costs incurred appear reasonable and Defendants do not argue otherwise.  The dates and expenses of the computerized research are provided, as are the dates and expenses for document reproduction and the use of litigation technology. (*See* Summary of Non-Taxable Costs, ECF No. 48-2).  The Court, therefore, finds that ITEX may recover both its taxable costs, as allowed by Rule 54(d), as well as its non-taxable costs.

///

///

///

///

///

///

///

1

**CONCLUSION**

2      IT IS HEREBY ORDERED that ITEX's Motion for Attorneys' Fees is GRANTED in

3 part and DENIED in part.  ITEX is awarded fees in the amount of $54,560.15.  ITEX is also

4 awarded taxable and non-taxable costs in the amount of $1,699.07.  The total award granted is

5 $56,259.22.

6      IT IS SO ORDERED.

7 Dated this 7th day of May, 2015.

8

9                                                        _____
                                             ROBERT C. JONES
10                                        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24